UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **RUDY MARTINEZ**, <br> Defendant. | Case No.: CR 12-00792-008 YGR <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** <br><br> Re: Dkt. No. 1428 |

On August 4, 2016, Rudy Martinez filed *pro se* a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 1428.) The U.S. Probation Office submitted a report in connection with defendant's motion. (Dkt. No. 1461 ("Probation Report").) Having considered all of the papers filed, the record in this case, and for good cause shown, the Court **DENIES** the motion.

**I.  BACKGROUND**

On January 9, 2014, Rudy Martinez was convicted of (i) racketeering conspiracy in violation of 18 U.S.C. section 1962(d), and (ii) use and possession of firearm in furtherance of a crime of violence in violation of 18 U.S.C. section 924(c)(1)(A) and 2. He was sentenced to 156 months in prison. (Dkt. No. 360.) Martinez pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement.

**II.  DISCUSSION**

Martinez's motion to reduce sentence is premised upon Amendment 782 to section 1B1.10(d) of the U.S. Sentencing Guidelines, which amendment revised the Drug Quantity Tables at U.S.S.G. sections 2D1.1 and 2D1.11 across drug and chemical types and reduced the offense level for certain drug trafficking offenses. He argues that he is entitled to receive a reduced sentence pursuant to 18 U.S.C. section 3582(c)(2), which allows for modification of a term of

imprisonment where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." U.S.S.G. section 1B1.10(a)(1) provides that a defendant's sentence may be reduced where the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . ." U.S.S.G. § 1B1.10(a)(1).

Martinez is not eligible for a reduction in sentence because he was not sentenced under Section 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking of Controlled Substances) or Section 2D1.11 (Unlawfully Distributing, Importing, Exporting or Possessing a Listed Chemical; Attempt or Conspiracy). Rather, his guideline calculation was determined using Sections 2E1.1 and 2A1.5(a) (Unlawful Conduct Relating to RICO, Conspiracy to Commit Murder). Thus, the application of Amendment 782 does not serve to reduce Martinez's sentence.[1]

### III. CONCLUSION

In conclusion, for the foregoing reasons, the Court **DENIES** Martinez's motion to reduce sentence. The clerk shall mail Mr. Martinez a copy of the Probation Report (Dkt. No. 1461), along with this order.

This terminates Docket Number 1428.

**IT IS SO ORDERED**.

Date: October 25, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Similarly, defendant is also not eligible for a reduction pursuant to Amendments 715 or 750, which pertain to crack cocaine.

2